UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Frankenmuth Mutual Insurance Company,

        Plaintiff,

                                    CASE NO. 09-CV-12723-DT
v.                                JUDGE John Feikens
                                    MAGISTRATE JUDGE PAUL KOMIVES

Catlin Specialty Insurance Company,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

I.       RECOMMENDATION:

The Court should dismiss this action without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

II.     REPORT:

A.     *Procedural Background*

A complaint seeking declaratory relief was filed by plaintiff on July 10, 2009. On the same date, a summons was issued for the defendant, Catlin Insurance Company, which, if served, would have required the defendant to respond within 20 days of service pursuant to Rule 12(a)(1)(A(i) of the Federal Rules of Civil Procedure.

B.     *Legal Standard*

Rule 4(m) of the Federal Rules of Civil Procedure, entitled "TIME LIMIT FOR SERVICE," provides that if a defendant is not served within 120 days after the complaint is filed, the court "on

motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made a specified time."

C.   *Analysis*

No proof of service has yet been filed. Unless plaintiff shows good cause for the failure to effect service, dismissal is in order pursuant to Rule 4(m). I so recommend. If plaintiff does show good cause to this court's satisfaction within the fourteen days allowed for filing objections to this report and recommendation, the court "must extend the time for service for an appropriate period" in accordance with Rule 4(m).

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated:1/27/10

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 27, 2010.
>
>                                 s/Eddrey Butts  
>                                 Case Manager